Hon. William J. O'Reilly City Attorney, Olean
This is in response to your letter wherein you request an opinion of the Attorney General relating to the following. At the regular Council meeting on May 9, 1978, the Olean Common Council duly passed a resolution accepting the lowest bid on a local paving project. On May 18, 1978, the Mayor filed with the City Clerk a transcript of the aforementioned resolution, together with his objection in writing attached. At its next regular meeting on May 23, 1978, the Common Council took no action to reconsider the resolution. Your question is whether the Mayor's transcript of the resolution, together with his objection in writing attached thereto, filed with the City Clerk serves as effective notice to the Common Council.
The Charter of the City of Olean, § 34, provides:
 "Every such order, ordinance, resolution and act of which the mayor approves shall have its approval in writing on a transcript thereof signed by him officially. The transcript of every such order, resolution, ordinance and act of which he disapproves shall be returned by him to the common council or clerk, with his objection in writing thereon or thereto attached, which shall be filed with the clerk and the common council shall, at its next regular meeting after such return, proceed to reconsider such order, resolution, ordinance or act; and if the same be passed by a concurring vote of two-thirds of all the members of the common council then in office, it shall have full force and effect, but if not so passed by such concurring vote of two-thirds of the members of the common council then in office, such order, resolution, ordinance or act so disapproved by the mayor shall have no force or effect." (Emphasis supplied.)
The Charter of the City of Olean, § 30, outlines the duties of the City Clerk, providing in part:
 "* * * He shall be present at all meetings and act as clerk of the common council; and he shall record all by-laws, rules, ordinances, resolutions and proceedings of the common council * * *." (Emphasis supplied.)
Section 34, specifically provides that the Mayor's objection be filed with the Common Council or the Clerk. In the factual situation that you present, the Mayor returned the transcript of the resolution and his objection to the City Clerk for filing, which action complied with one of the alternatives of section 34. The Mayor was under no obligation to give the Common Council any other notice.
The Mayor's transcript of the resolution with a written objection attached having been filed with the City Clerk in compliance with section 34 of the City Charter, the Common Council was further required by said section to reconsider the resolution at its next regular meeting. The failure of the Common Council to act at the prescribed time rendered the resolution ineffectual.
From all of the foregoing, we conclude that where the Mayor of the City of Olean is required to file a transcript of a resolution, together with his objection in writing attached thereto, with the City Clerk or Common Council such filing with the City Clerk is sufficient notice to the Common Council.